■ CAFE IGUANA CORP., Petitioner, v CITY OF NEW YORK et al., Respondents.—Determination of respondent Department of Consumer Affairs of the City of New York dated July 18, 1991 which found petitioner guilty of operating an unlicensed cabaret, and ordered petitioner's premises sealed in the event the unlicensed activities were not discontinued within 10 days, is unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, New York County [Shirley Fingerhood, J.], entered on or about October 21, 1991) is dismissed, without costs.

There is no merit to petitioner's argument that respondent's padlocking order was in excess of its jurisdiction and arbitrary and capricious. Administrative Code of the City of New York § 20-105 (b) (3) authorizes respondent, after notice and hearing, to seal premises on which an unlicensed activity is occurring, "provided that such premises are primarily used for such activity." Petitioner's argument that the record does not support a finding that the premises in question were being used primarily for dancing overlooks the definition of a "cabaret" in Administrative Code § 20-359 (3), which includes "[a]ny room, place or space in the city in which any musical entertainment, singing, dancing or other form of amusement is permitted in connection with the restaurant business", and which excludes eating establishments that provide certain types of incidental musical entertainment "without dancing". By definition, therefore, the statute brings within its reach the type of mixed use of premises that was found to exist in this case. That only a limited portion of the premises were used for dancing has no bearing on the question of whether the premises were being "primarily" used as a cabaret. The evidence supports the finding that the premises were being used primarily for several activities, none of which under the statute is required to predominate.

Nor is there merit to petitioner's argument that the statute, both on its face and as applied to the facts of this case, is unconstitutionally vague because it does not define "dancing". To meet constitutional muster, a statute must give a person of ordinary intelligence a reasonable opportunity to know what activities are prohibited *(see, Grayned v City of Rockford,* 408 US 104, 108-109; *People v Illardo,* 48 NY2d 408, 413). It is not necessary that the statute be meticulously specific *(Matter of Children of Bedford v Petromelis,* 77 NY2d 713, 730), nor is the Legislature precluded from "using ordinary terms to express ideas that find adequate interpretation in everyday usage and understanding" *(People v Illardo, supra,* at 414).

The Hearing Officer credited the testimony of the inspectors who were at the premises and had described the activities that they had observed, thus providing substantial evidence for the determinations under review *(Matter of Berenhaus v Ward,* 70 NY2d 436, 443). Concur—Sullivan, J. P., Wallach, Kassal and Rubin, JJ.